IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Maria del Carmen Santiago Márquez**<br>*Plaintiff*<br>*v.*<br>**EDP University of Puerto Rico, Inc.**<br>**d/b/a EDP University**<br>*Defendant* | CIVIL ACTION<br>Case No. 3:25-cv-1053<br>Employment Discrimination<br>• **Equal Pay Act**<br>• **COBRA**<br>*Demand for Jury Trial* |

# FIRST AMENDED COMPLAINT

## INTRODUCTION

1. Plaintiff *Maria del Carmen Santiago Márquez* brings this civil action pursuant to the *Equal Pay Act* to remedy acts of workplace discrimination perpetrated against her by defendant EDP University of Puerto Rico, Inc. d/b/a EDP University (Hereinafter "defendant"), because of her *gender*. The plaintiff was subjected to unjustified *pay discrimination* because of her *gender,* by her *former employer-defendant* for substantially equal work (job content) performed by a male employees under similar working conditions. She had no prior history of disciplinary or work performance issues and always met her employer's objective work performance expectations.

2. The Plaintiff respectfully asks the Court to find defendant in violation of Federal Antidiscrimination Laws, specifically the *Equal Pay Act*, and to award the relief requested below. Defendant violated her rights, and she seeks what is fair, compensatory damages, and legal fees.

## JURISDICTION

3. This Honorable Court has original jurisdiction over Plaintiff's federal claims set forth in this complaint pursuant to 28 U.S.C. §1331 (federal question), and the Equal Pay Act of 1963, 29 U.S.C. §206. Venue properly lies before this Court under 28 U.S.C. §1391(b) and 42 U.S.C. Section 2000e-5(f) (3), as plaintiff was employed in Puerto Rico. This is also an action under the Consolidated Omnibus Budget Reconciliation Act (COBRA), 29 U.S.C. § 1161 et seq., for failure by the defendant to comply with continuation of health insurance coverage requirements following the termination of Plaintiff's employment. Plaintiff is a resident of the Commonwealth

of Puerto Rico and the acts and/or omissions giving rise to Plaintiff's claim have occurred in this district. A substantial part of the events giving rise to this suit arose on the defendant's premises, located in the Commonwealth of Puerto Rico. Accordingly, under 29 U.S.C. §1391 (b) (2), venue lies in this judicial district. This Civil Action is filed within three years of the date of willful violation and within two years of the discriminatory pay practices, for violations of both the Equal Employment Act and COBRA.

## PARTIES

2.  Plaintiff *Maria del Carmen Santiago Márquez* (Hereinafter "plaintiff") is a resident of San Juan, Puerto Rico and at all relevant times was employed by defendant EDP University of Puerto Rico, Inc. d/b/a EDP University. She worked for defendant for **over twenty (20) years**, and at all relevant times in this Complaint, she worked for defendant as *Accounting Director*. Plaintiff is *female* employee and belongs to a protected group of employees because of her *gender*. Her mailing address is Urb. El Cerezal, Calle Loira #1622, San Juan PR 00926, with telephone number (939) 258-4527.

4.  Defendant *EDP University of Puerto Rico, Inc. d/b/a EDP University* has mailing address 560 Ave. Ponce e León, San Juan, PR 00919. It is a domestic non-profit corporation registered with the Puerto Rico Department of State, with registration number 58101. Defendant operates facilities within the judicial District of Puerto Rico, including administrative accounting offices where plaintiff worked. According to corporate registry information, *Gladys T. Nieves Vazquez* is the president and the registered resident agent, with mailing address PO Box 192303, San Juan, PR 00919. Defendant is vicariously liable for unlawful acts and omissions of plaintiff's supervisors, including *Luis Rivera*, defendant's Vice President of Finance and *Hector Vazquez*, defendant's Director of Human Resources. Defendant is vicariously liable for plaintiff's *male* supervisors' unlawful actions and omissions. Defendant is an employer within the meaning of Title VII. Defendants failed to act to prevent unlawful employment discrimination practices.

5.      The Plaintiff reserves the right to amend her Complaint, to include other employer supervisors and/or entities that could be held vicariously liable for defendant's unlawful actions. Defendants are employees, agents, supervisory personnel and were, at all times material to this Complaint, acting in the course and scope of employment. Defendants participated in and/or directed the unlawful violations alleged herein or knew of the violations and failed to act to prevent. All individual defendants are jointly liable for monetary damages alleged herein.

## FACTUAL ALLEGATIONS

6.      The Plaintiff *Maria del Carmen Santiago Márquez*, is a *female* employee, who has been employed by defendant for **over twenty (20) years**. At the time of her unlawful termination of employment, she worked as *Accounting Director* for defendants. At all relevant times related to acts of discrimination alleged in this Complaint, she was a *female* and belonged to a protected group of employees because of her *gender*.

7.      On December 21, 2022, plaintiff received a pretextual memorandum from her immediate male supervisor, Luis Rivera, defendant's vice president of finance, thru Hector Vazquez, defendant's director of human resources. Both male supervisors, *selectively targeted the plaintiff for exclusion and pay rate discrimination*, thru pretextual excuses. On December 22, 2022, the plaintiff complained to her employer, about a hostile work environment created by her *male* supervisor Luis Rivera. In December of 2022, the plaintiff complained to her employer about workplace harassment by her immediate *male* supervisor Luis Rivera, directed at her because of her *gender* as a woman. Supervisor *Luis Rivera* selectively mistreated female employees, including plaintiff, while similarly situated male employees were treated more lenient and favorably. At various times supervisor Luis Rivera publicly addressed the plaintiff by calling her "bruta" (dumb) in front of cowers, he frequently yelled at her and eventually *started taking tasks away from her, to give those tasks to her male coworkers*. Plaintiff previously complained to Human Resources, about her supervisor's behavior, but her employer (defendant) failed to take immediate corrective action to prevent workplace harassment to her, and other women.

8. Shortly after the plaintiff complained about a hostile work environment, because of her male supervisor Luis Rivera, he selectively targeted the plaintiff. *On or about January 2, 2023, he began to take away plaintiff's functions*, and asked to remove the plaintiff form the workplace, because supposedly he no longer trusted her.

9. In January of 2023, as retaliation for plaintiff having complained about this hostile work environment, her supervisor Luis Rivera send an email to all coworkers, *taking away her functions with regards to audit, and giving said essential function to male employee Erick Sanchez*. Plaintiff was *selectively excluded as Accounting Director, from performing this essential function*, which was selectively *given instead a similarity situated male employee*. Shortly after, supervisor Luis Rivera also *took plaintiff's function with regards to aging* with respect to supplier payments.

10. At various times, the plaintiff complained to her employer, verbally and in writing, including emails, to defendant's human resources. During her employment, plaintiff learned that similarly situated male employee *Hector Babilonia*, who worked for defendant, and performed similar functions, was earning more. Plaintiff felt discriminate as a woman, because she was earning significantly less than her male coworker.

11. Shortly after on **March 31, 2023**, the plaintiff was *wrongfully terminated* from employment by defendant, with the pretextual excuse of a "*lay off*". Plaintiff was selectively removed from work, because of her *gender* and protected activity. While plaintiff functions were given by defendant to similarity situated male employees *Hector Babilonia* and/or *Roberto Muriel*.

12. Defendant selectively targeted plaintiff for termination, with the pretextual excuse of an alleged restructuring of the finance department, however, *only her* was targeted by her employer. On March 31, 2023, her employer selectively removed the plaintiff from work claiming a "lay off" and shortly after, on April 10, 2023, her employer issued a notice of her termination of employment. Plaintiff suffered an adverse employment action, with the loss of her employment.

13. *Hector Babilonia, Erick Sanchez* and plaintiff had same tasks and responsibilities. However, *defendant kept the female plaintiff at a lower pay grade/level* in violation of the law.

4

14. The discrepancy in pay rate/grade is unjustified given that the plaintiff has worked longer for defendant and is more experienced. Defendant selectively excluded her from work and pay, while reassigning her functions to her male coworkers, who perform her function at a higher payrate. Defendant employer, willfully engaged in a violation of the Equal Pay Act.

15. As result of her *wrongful termination* of employment on March 31, 2023, and the deficiency in pay rate/grade plaintiff has suffered and continues to suffer economic damage/losses in the form of decreased pay which she estimates now to exceed $300,000.00, up this point, and will continue to accrue up to time of Trial. In addition, plaintiff has suffered the loss of additional employer social security contributions, retirement contributions and COLA. She has estimated her total economic loss at this point to exceed $300,000.00.

16. Plaintiff asks the Court for what is deemed to be fair and just, compensation.

## CAUSES OF ACTIONS

### Violation of the Equal Pay Act of 1963 29 U.S.C. §206

17. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

18. The *Equal Pay Act* requires that men and women in the *same workplace* be given **equal pay for equal work**. **Their job need not be identical, but they must be *substantially equal*. Job content *(not job titles)* determines whether jobs are substantially equal**. An employer may not reduce a woman's wages to equalize their pay. The plaintiff has filed this Complaint alleging violation of the Equal Pay for compensation discrimination because of *her gender*, within three years of defendant's willful and unlawful compensation practice.

19. Plaintiff is a female employee who worked for defendant.

20. Defendant was at all relevant times an "employer" as defined in §701(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-(b), and §§3(r) and (s) and 6(d) of the Fair Labor Standards Act, 29 U.S.C. §§203(r) and (s) and 206 (d), and as such, Defendant is subject to requirements of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* and the Fair

5

Labor Standards Act, 29 U.S.C. §201 *et seq.*, including the Equal Pay Act of 1963, 29 U.S.C. §206(d), as amended.

21. Defendant hired male employees to perform same job functions of plaintiff, and also gave the same tasks as plaintiff, that were ordinarily part of plaintiff's tasks and function. The male employees who were given her tasks, *Hector Babilonia* and *Erick Sanchez*, were paid more and were treated more favorably by employer. While plaintiff was unlawfully paid less for same function and unjustly removed from the workplace.

22. The above-mentioned male employees, *Hector Babilonia* and *Erick Sanchez* work in the same "establishment" where plaintiff has been employed and perform work that is "equal" to that which was performed by the plaintiff.

23. Said male employees were paid a higher pay grade/amount despite performing same tasks as plaintiff. Defendant kept plaintiff at a lower pay rate/grade and consistently refused to raise or equal plaintiff's pay rate/grade to that of similarly situated male employees, who performs same tasks and functions. The above stated lower rate of pay plaintiff received was for working within the same establishment that was equal to the work performed by the above-described male employee hired and/or placed to perform same tasks/functions, by defendant on or about January 2023.

24. By this discrimination defendant violated 28 U.S.C. §206(d).

25. Above stated lower rate of pay plaintiff received was because of her sex (female).

26. Defendant's treatment of plaintiff and defendant's violation of plaintiff's statutory rights were willful within meaning of 29 U.S.C §§206(d) and 215. Defendant acted maliciously, wantonly, and in conscious disregard of plaintiff's rights and defendant's statutory obligations.

27. Defendant discriminated against female plaintiff with respect to her compensation. While similarly situated male employee *Hector Babilonia* was treated more favorably by employer, with respect to pay. Defendant violated the Equal Pay Act, failed to pay plaintiff equal.

28. Defendants' actions were intentional, willful and in reckless disregard of plaintiff's federally protected rights. Plaintiff seeks compensatory and punitive damages, injunctive relief, and any other appropriate relief as allowed by law. The stated reason for defendant's actions were not the true reasons, but instead were *pretext* to hide defendant's discriminatory *animus*.

29. The Civil Right Act of 1991 introduced a separate cause of action for **intentional discrimination,** which allows the plaintiff to file a separate lawsuit to seek compensatory and punitive damages. Specifically, section 102 of the Civil Right Act of 1991, amended Title VII of the Civil Rights Act of 1964, by adding the ability for individuals to seek compensatory and punitive damages in cases of *intentional* discrimination. See 42 U.S.C. §1981a.

30. As result of defendant's intentional discrimination, the plaintiff has suffered mental anguish, including pain and suffering, as result of her *loss of employment*, as well as specific damages including the loss of her source of *income, work related benefits, and retirement* benefits.

31. Defendant discriminated against the plaintiff who was not given a personal improvement plan, nor progressive discipline, prior to her selective pretextual termination of employment. Whereas male employees were given often a personal improvement plan to avoid termination, were given plaintiff's functions and allowed to keep their jobs.

32. Defendants are jointly and severally liable.

**Violation of Consolidated Omnibus Budget Reconciliation Act 29 U.S.C. §21161**

33. This is an action under the **Consolidated Omnibus Budget Reconciliation Act (COBRA)**, 29 U.S.C. § 1161 et seq., for failure by the Defendant, [Employer's Name], to comply with the continuation of health insurance coverage requirements following the termination of Plaintiff's employment.

34. At all times relevant to this action, Defendant was an "employer" as defined by COBRA, 29 U.S.C. § 1167(1), and operated a group health plan subject to COBRA.

35. At the time of her unlawful termination of employment, the plaintiff was a participant in the defendant's group health plan, which provided her with medical, dental and/or vision coverage.

36. Under COBRA, plaintiff was entitled to elect continued health coverage under defendant's group plan for up to 18 months after her termination of employment.

37. Despite plaintiff's eligibility for continued health coverage, defendants failed to provide the plaintiff with the required COBRA notice of rights to continuation coverage within the time frame prescribed by law (within 14 days of plaintiff's termination), in violation of 29 U.S.C. §1166(a)(4).

38. As result of defendant's failure to provide proper notice, plaintiff was unable to elect continuation of health coverage as required under COBRA.

39. Plaintiff has suffered damages, including the loss of health coverage, medical expenses, and additional out-of-pocket expenses for healthcare services that would have been covered under the group health plan.

40. Defendant failed to provide Continuation Coverage Notice on time (Violation 1).

41. Defendant failed to provide Continued Health Coverage to plaintiff (Violation 2).

## Violation of Commonwealth of Puerto Rico Laws

42. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

### *Wrongful Termination of Employment*

43. On *March 31, 2023*, defendant unlawfully terminated plaintiff's employment.

44. Puerto Rico's Act No. 80, approved on May 30, 1976, as amended, prohibits employer's wrongful termination without *just cause* in the Commonwealth of Puerto Rico. 29 L.P.R.A. §185a. Defendant selectively targeted the plaintiff for her unlawful termination of employment with a fabricated pretextual excuse to conceal employer's discriminatory animus.

8

45.     Defendant's conduct as alleged at length herein constitutes wrongful termination of plaintiff's employment.  In this case, the plaintiff will show with preponderance of evidence that other similarly situated employees outside of her protected group were not discharged from employment. A male employee outside plaintiff's protected group was allowed to earn more, continue performing plaintiff's job functions and was allowed to continue to work. While plaintiff was selectively targeted for termination of employment by her employer because of her *gender*. Male employees who were similarly situated, were able to keep their employment. Puerto Rico's Act No. 80, approved on May 30, 1976, as amended, prohibits employer's wrongful termination without *just cause* in the Commonwealth of Puerto Rico. 29 L.P.R.A. §185a.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court declares that Defendant's conduct was illegal and in violation of legal statutes herein identified, and that it grants Plaintiff the following remedies:

A.  That this Honorable Court issues a Declaratory Judgment declaring that Defendant's actions and/or omissions violate applicable law.
B.  That this Honorable Court award Plaintiff all other equitable relief.
C.  That this Honorable Court permanently enjoins Defendants from engaging in discrimination and/or retaliation against the Plaintiff on the basis of her gender, because of her participation in the herein proceeding.
D.  That this Honorable Court award **compensatory and general damages** in the amount of **$1,000,000.00** against all Defendants sued in their individual and/or representative capacities, for the Plaintiff, or an amount to be determined according to proof during the trial, as provided by laws of the United States and the Commonwealth. Ordering defendant to backpay to plaintiff the disparity in pay retroactively up to day of Trial, and prospectively to ascend and/or make adjustment in pay to make it equal.
E.  That this Honorable Court award Plaintiff her costs, expenses, and attorney's fees.
F.  Pre-judgment interest: and as indicated above, the Plaintiff seeks *compensatory* damages, *statutory* damages, *injunctive relief* and any other relief this Court deems equitable, just and appropriate.

## JURY DEMAND

Plaintiff respectfully requests a *jury trial* on all issues triable to a jury.

In San Juan, Puerto Rico, on this 30th. Day of January 2025.

>Respectfully submitted,
>
>/S/ Humberto Cobo-Estrella
>Humberto Cobo-Estrella, Esq.
>**USDC-PR230108**
>PO Box 366451
>San Juan, Puerto Rico 00936-6451
>Tel. (787) 529-7140
>Email: *hcobo@hcounsel.com*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading will be served upon all parties for whom counsel has not yet entered an appearance electronically.

>/S/ Humberto Cobo-Estrella, Esq.
>*Attorney for the Plaintiff*