IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MARÍA DEL CARMEN SANTIAGO-MÁRQUEZ,** <br><br> Plaintiff, <br><br> v. <br><br> **EDP UNIVERSITY OF PUERTO RICO, INC.** <br><br> Defendant. | Civil No. 25-1053 (MAJ) (MBA) |

### REPORT AND RECOMMENDATION

María del Carmen Santiago-Márquez ("Santiago") brought this civil action against EDP University of Puerto Rico, Inc., d/b/a EDP University ("EDP"), under the Equal Pay Act alleging gender discrimination at her workplace. (ECF No. 2). She also alleged that EDP violated the Consolidated Omnibus Budget Reconciliation Act ("COBRA") and Puerto Rico laws relating to her wrongful termination of employment. (*Id.*). EDP moved to dismiss the action for failure to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6), and argued the statute of limitations precludes Santiago's claims under the Civil Rights Act of 1991 and COBRA. (ECF No. 7). With all federal claims subject to dismissal, EDP further argued that the Court should decline to exercise supplemental jurisdiction over Santiago's local claims. (*Id.*). Santiago opposed. (ECF No. 8). U.S. District Judge María Antongiorgi-Jordán referred the motion to dismiss to me for a report and recommendation. (ECF No. 14).

For the reasons set forth below, I recommend the motion to dismiss be **DENIED**.

### BACKGROUND[1]

Santiago worked for EDP for over 20 years until she was fired on March 31, 2023, after

---

[1] For purposes of EDP's Motion to Dismiss, the facts are taken from Plaintiff's Amended Complaint, ECF No. 2, and are presumed to be true.

1

complaining about a hostile work environment. (ECF No. 2 at 3-4). Santiago was employed as Accounting Director. (*Id.* at 3). On December 22, 2022, after receiving a memorandum from her supervisor Luis Rivera, Santiago complained to EDP's Human Resources department about a hostile work environment created by her male supervisor. (*Id.*). Specifically, Santiago complained that Rivera mistreated female employees, herself included. (*Id.*). She further complained that he would insult her, yell at her, and started taking tasks away from her and reassigning them to male employees. (*Id.*). Shortly thereafter, on January 2, 2023, Rivera began taking away Santiago's duties and asked that she be removed because "he no longer trusted her." (*Id.* at 4). Santiago's functions were then assigned to a male employee, Erick Sanchez. (*Id.*).

At some point, Santiago learned that a "similarly situated male employee[,] Hector Babilonia, who worked for defendant, and performed similar functions, was earning more." (ECF No. 2 at 4). Even though Hector Babilonia, Erick Sanchez, and Santiago had the "same tasks and responsibilities," Santiago was "kept" "at a lower pay grade/level." (*Id.*).

On March 31, 2023, Santiago was terminated as part "of an alleged restructuring of the finance department." (ECF No. 2 at 4). Yet only she was targeted, and her functions were given "to similarly situated male employees Hector Babilonia and/or Roberto Muriel." (*Id.*). At the time of her termination, Santiago participated in EDP's group health plan. (*Id.* at 8). Despite Santiago's eligibility for continued coverage under COBRA for up to 18 months, EDP failed to provide her with the required COBRA notice of rights within the timeframe prescribed by law, that is, within 14 days of her termination. (*Id.*).

## STANDARD OF REVIEW

To survive a motion to dismiss at the pleading stage, "an adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). In evaluating a motion to dismiss, the court first sorts out and discards any "'legal conclusions couched as fact' or 'threadbare recitals of the elements of a cause of action.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (alteration marks omitted). The remaining "[n]on-conclusory factual allegations" are fully credited, "even if seemingly incredible." *Id.* Taken together, they must "state a plausible, not a merely conceivable, case for relief." *Id.* At the same time,

2

courts must not "forecast a plaintiff's likelihood of success on the merits." *Id.*

Additionally, a motion to dismiss under Rule 12(b)(6) premised on a statute of limitations affirmative defense may be appropriate if "the facts that establish the defense ... [are] definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice." *In re Colonial Mortgage Bankers Corp.,* 324 F.3d 12, 16 (1st Cir. 2003). Moreover, "the facts so gleaned must conclusively establish the affirmative defense." *Id.*

## ANALYSIS

### A. Equal Pay Act

In general, "[t]he EPA prohibits an employer from discriminating on the basis of sex 'by paying wages to employees in such establishment at a rate less than the rate at which she pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which are performed under similar working conditions.'" *Ingram v. Brink's, Inc.*, 414 F.3d 222, 232 (1st Cir. 2005) (quoting 29 U.S.C. § 206(d)(1)). In order to prevail, Santiago "must first establish a prima facie case by showing that the employer paid different wages to specific employees of different sexes for jobs performed under similar working conditions and requiring equal skill, effort and responsibility." *Id.* (citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974)). These employees need not possess the same job title. *Id.* Instead, Santiago must show "that they performed comparable work." *Id.*

Here, while thin, Santiago's allegations are sufficient to infer EDP discriminated between her and her male colleagues, by paying her less for performing the same functions. (ECF No. 2 at ¶ 21 ("Defendant hired male employees to perform same job functions of plaintiff, and also gave the same tasks as plaintiff, that were ordinarily part of plaintiff's tasks and function. The male employees who were given her tasks, *Hector Babilonia* and *Erick Sanchez*, were paid more and were treated more favorably by employer. While plaintiff was unlawfully paid less for same function and unjustly removed from the workplace."); ECF No. 2 at ¶ 22 ("The above-mentioned male employees, *Hector Babilonia* and *Erick Sanchez*[,] work in the same "establishment" where plaintiff has been employed and perform work that is "equal" to that which was performed by the plaintiff."); ECF No. 2 at ¶ 23

3

("[s]aid male employees were paid a higher pay grade/amount despite performing same tasks as plaintiff. Defendant kept plaintiff at a lower pay rate/grade and consistently refused to raise or equal plaintiff's pay rate/grade to that of similarly situated male employees, who performs same tasks and functions. The above stated lower rate of pay plaintiff received was for working within the same establishment that was equal to the work performed by the above described male employee hired and/or placed to perform same tasks/functions, by defendant")). "At this early stage of the proceedings, it is reasonable to infer discrimination in payment between one female and her named male counterpart[s], doing the same work." *Vazquez-Jimenez v. Evertec Group* 470 F. Supp. 3d 155, 160 (D.P.R. 2020) (denying motion to dismiss plaintiff's EPA claim finding that while "thin," "the allegations are sufficient"). What is more, EDP cites no case law supporting its position requiring the level of specificity they propose at this juncture.

### B. Consolidated Omnibus Budget Reconciliation Act

Under COBRA, an employer-- through its healthcare administrator-- must notify an employee of her right to continue her healthcare coverage after the termination of her employment. 29 U.S.C. §§ 1163(2), 1166. COBRA provides specific timelines: (1) the employer must notify its healthcare administrator of the employee's termination within 30 days, 29 U.S.C. § 1166(a)(2); and (2) the administrator then must notify the employee of her continuation right within 14 days, 29 U.S.C. §§ 1166(a)(4)(A), (c). As a terminated employee, Santiago had the right to coverage for 18 months after her termination. 29 U.S.C. § 1162(2)(A)(i). Because Santiago was terminated on March 31, 2023, those 18 months would have extended through September 2024.

Despite her participating in EDP's group health plan, Santiago alleges that she was never notified by EDP within the prescribed period after her termination of her right to continue her healthcare coverage. (ECF No. 2 at ¶ 37). EDP's motion to dismiss does not dispute this, raising instead a statute of limitations defense.[2] And because COBRA does not have a statute of limitations, EDP asserts that the most analogous here would be a one-year statute of limitations for wrongful termination actions under Puerto Rico law. (ECF No. 7 at 11).

---

[2] EDP's answer to the amended complaint, however, asserts that notice was provided. (ECF No. 10 at ¶¶ XIX, XXV).

The problem with EDP's argument is two-fold. First, EDP fails to explain why Santiago's lack-of-notice claim is most analogous to a wrongful termination claim. Second, EDP appears to assume that the statute of limitations began to run the day Santiago was terminated. In turn, Santiago's response accepts the one-year limitations period espoused by EDP and simply relies on her allegation that no notice was given to conclude any limitation period remained tolled. (ECF No. 8 at 5). That too misses the mark.

Santiago filed her complaint on January 30, 2025, four months after she no longer was eligible to continue with her previous benefits. (ECF No. 1). The first question here is when did her no-notice claim accrue. That is a federal law question. *See Oullette v. Beaupre*, 977 F.3d 127, 136 (1st Cir. 2020). EDP provides no support for their contention that the claim accrued the day of termination. Moreover, the idea that the claim accrued that day, despite it being the first day of the notice period defies common sense. This may be why several courts have applied a "discovery rule" to failure-to-notify claims. *See e.g., Cummings v. Wash. Mut.*, 650 F.3d 1386, 1391 (11th Cir. 2011) (holding that "a COBRA improper-notice claim accrues when the plaintiff either knows or should know the facts necessary to bring an improper-notice claim: specifically, that his former employer has failed to provide him with the required notice of his continuation right"). All this to say EDP has failed "to leave no doubt that an asserted claim is time-barred.*" LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509 (1st Cir. 1998).

### C. Title VII

EDP also moves to dismiss Santiago's Title VII claims as time-barred. (ECF No. 7 at 7-9). Santiago, however, admits that while any such claim "may be time-barred at this time," "she did not assert a separate Title VII claim." (ECF No. 8 at 5). Therefore, there is no such claim to dismiss.

### D. Puerto Rico Act 80 claim

EDP's sole argument for dismissal of Santiago's supplemental law claims is premised on the Court dismissing the federal claims. (ECF No. 7 at 11-12). Because this Report concludes that those claims should not be dismissed, there is at this point no reason to decline to exercise supplemental jurisdiction over Santiago's Puerto Rico Act 80 claim.

**CONCLUSION**

For the foregoing reasons, I recommend EDP's motion to dismiss be **DENIED**.

This report and recommendation is filed pursuant to 28 U.S.C. 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED**.

In San Juan, Puerto Rico this June 12, 2025.

*s/ Mariana E. Bauzá-Almonte*
MARIANA E. BAUZÁ-ALMONTE
United States Magistrate Judge